53



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Ned McDaniel
County Attorney
Wichita County
Wichita Falls, Texas

Dear Sir:

Opinion No. 0-814
Re: 1. May a deputy county clerk also
be a Notary Public?
2. May a court reporter also be a
deputy county clerk?
3. May a court reporter also be a
Notary Public?

Your request for opinion has been received by
this department. We have restated your questions as above
shown. We quote from your letter as follows:

"The commissioners court of Wichita
County has employed a court reporter for the
county court and for convenience, she was
appointed deputy county clerk in order that
she might, in addition to her services as
court reporter, carry out the provisions of
Article 2349 in keeping the minutes of the
commissioners court. She also does steno-
graphic work for the delinquent tax depart-
ment and various officers of the county. As
deputy county clerk, by special order entered
by the commissioners court in approving the
appointment, she receives no pay as such
deputy, but is paid instead from the Officers
Salary Fund, from the general fund of the county.
As you can see, the appointment and service as
deputy county clerk are incidental to the other
duties and services mentioned. Would she be dis-
qualified to accept the appointment and act as
notary public?"

Article 16, Section 40, Constitution of Texas,
as amended, on November 8, 1932, provides as follows:

"No person shall hold or exercise, at
the same time, more than one civil office of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

emolument, except that of justice of the
peace, county commissioner, notary public,
and postmaster, officer of the National
Guards, the National Guard Reserve, and the
Officers' Reserve Corps of the United States,
and enlisted men of the National Guard, the
National Guard Reserve and the organized re-
serves of the United States, unless other-
wise specially provided herein. Provided,
that nothing in this Constitution shall be
construed to prohibit an officer, or enlist-
ed man of the National Guard, and the National
Guard Reserve, or an officer in the Officers'
Reserve Corps of the United States from hold-
ing in conjunction with such office any other
office or position of honor, trust or profit,
under this state of the United States."

We quote from 34 Tex. Jur., Section 18, page
331, as follows:

"As is the rule at common law, the same
person cannot hold two incompatible offices.
Acceptance of and qualification for an office
incompatible with one already held is a resig-
nation or vacation of the office held, regard-
less of whether both are offices of emolument
within the meaning of the Constitution. Offices
are incompatible where their duties are or may
be inconsistent or conflict, but not where their
duties are wholly unrelated, or in no manner
inconsistent and are never in conflict and where
neither officer is accountable or under the domin-
ion of, or subordinate to, the other, or has any
right or power to interfere with the other in
the performance of any duty . . ."

On April 27, 1931, this department held, in an
opinion by Hon. Everett F. Johnson, Assistant Attorney
General, that the office of county clerk is incompatible
with the office of notary public and that a person hold-
ing the office of county clerk could not at the same time
hold the office of notary public. We enclose herewith a
copy of this opinion.

The case of Donges vs. Beall et al, 41 S. W. (2)
531, holds that a deputy county clerk is a public officer.

Article 1938, Revised Civil Statutes of Texas, provides that county clerks may in writing, appoint one or more deputies under his hand and the seal of his court, which shall be recorded in the office of such clerk, shall be deposited in the office of the district clerk, and that deputies shall take the official oath, shall act in the name of their principal, and may do and perform all such official acts as may be lawfully done and performed by such clerk in person.

In answer to your first question, you are respectfully advised that it is the opinion of this department that the offices of deputy county clerk and notary public are incompatible. Therefore, one could not serve as deputy county clerk and notary public at the same time.

In order to pass on your second and third questions we would need more facts. Please send us a copy of the order appointing the court reporter, a copy of her official oath, if any, and give us all the facts surrounding her appointment and qualification. Also please send us your brief upon this question.

We regret very much our delay in answering your request for opinion. It appears, however, that our difficulty has been occasioned by lack of sufficient facts to pass upon your second and third questions.

Upon receipt of this information and your brief we will be glad to pass on these questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_

Wm. J. Fanning
Assistant

WJF:AW

APPROVED OCT 23, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN